831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley I. LEE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-6062.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1987.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and COHN*, District Judge.
 PER CURIAM.
 
 
 1
 Shirley Lee's October, 1983 request for supplemental security income benefits was denied by an Administrative Law Judge (ALJ) in 1984. This denial of benefits was affirmed by the Appeals Council and, ultimately, by the district court. Lee's testimony and medical records have been reviewed by three different judicial or administrative bodies.
 
 
 2
 Lee complains of continuing back problems following a 1983 lumbar laminectomy procedure for a herniated lumbosacral disc. Following this operation, Lee was first advised by her surgeon not to do any stooping, bending, or lifting. By December of 1983, however, her physician, Dr. Russell, told Lee she could work if she were cautious. Lee testified that she attempted to work thereafter but could not due to persistent pain. At the time of her hearing, Lee was 36 years old and testified about a varied work background before experiencing an automobile accident which brought about her back difficulties and claimed disability.
 
 
 3
 After the administrative hearing, a consulting orthopedic physician, Dr. McInnis, examined Lee. He submitted a report to the ALJ, dated September 4, 1984. Dr. McInnis indicated in his report, in part:
 
 
 4
 PHYSICAL EXAMINATION revealed a 5'0", 114 pound female. The patient appeared to be in no apparent distress. She was able to move about the examining room without difficulty and on and off the examining table without difficulty. Physical examination of the lumbar spine revealed from 0 to 30 degrees flexion. She had some flattening of the low back area and some slight spasms in extremes of flexion. She had about 15 degrees extension. The ROM and flexion was reproducible both standing and sitting in a chair. She had a well-healed mid-line lumbar incision. The patient is able to straight-leg raise about 60 degrees on the left, 75 degrees on the right. In the sitting position she is able to straight leg raise about 70 degrees on the left, 80 degrees on the right. Neurological examination of the lower extremities reveal a decreased left ankle reflex. She has some giving way on testing the ankle dorsiflexors and the extensor to the great toe of the left leg. There is no evidence of atrophy of either extremities and she has normal sensory examination and appears to have a fairly full ROM of the cervical spine. Normal neurological examination of the upper extremities.
 
 
 5
 X-RAYS of the lumbar spine revealed evidence of previous myelography. There was acute moderate disk space narrowing at L-5, S-1. There appeared to be a laminectomy defect at L-4, 5. This lady's diagnosis is previous herniated nucleus pulposis at L-4, 5 on the left. This lady does continue to show some signs of continued sciatic nerve root irritation and a restricted motion in her back with some true spasms. She does have some mild evidence of previous nerve root compression syndrome with a decreased left ankle reflex. This lady should be restricted in the amount of bending, stooping, and lifting she carries out.
 
 
 6
 Dr. McInnis noted, however, that the plaintiff could sit for eight hours per day, could lift and carry a maximum of twenty pounds, could stand and walk for two hours per day, and could occasionally bend. He further noted that handling objects, pushing and/or pulling, and seeing, hearing, or speaking were unrestricted.
 
 
 7
 The ALJ determined that Lee retained the residual functional capacity to engage in sedentary work and was therefore not disabled within the meaning of the applicable Social Security law and regulations.[1]
 
 
 8
 We agree essentially with the rationale of Judge L. Clure Morton in evaluating Lee's petition and her complaints in light of the entire record as it was developed in the proceedings below. The plaintiff is not entitled to a recovery on this record. However, in light of the government's bringing to our attention a decision of Senior District Judge Robert M. McRae, Jr., Samuels v. Bowen, No. 82-2827 (W.D.Tenn. March 16, 1987), appeal pending, No. 87-5670 (6th Cir.1987), and government counsel's concession at oral argument that a remand of this case may be indicated in light of that decision (which has implications upon a class including this plaintiff), we direct that the case be REMANDED for further consideration by the Secretary concerning the ALJ's disability evaluation of the plaintiff.
 
 
 9
 We direct a REMAND accordingly.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The ALJ's specific conclusion was:
 Based on the evidence of record in its entirety, I find that the claimant regained the residual functional capacity to engage in at least sedentary work within twelve months of her alleged onset date of disability. The limitation to sedentary work precluded her from engaging in her past work as a kitchen worker, small motor assembler, and babysitter. However, Rule 201.24 directs that she be found "not disabled" considering her residual functional capacity, age, education and previous work experience. In accordance with Social Security Regulation 416.920(f), I find that the claimant is "not disabled" under the Social Security Act.